UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICITY DOMINGUEZ HOWELL,<br><br>                              Plaintiff,<br><br>vs.<br><br>CAMP PENDLETON; et al.,<br><br>                              Defendants. | Case No.:  23cv2125-LL-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND [ECF No. 22];**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS [ECF No. 35];**<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [ECF No. 34]** |

Pending before the Court is Defendants' Motion to Dismiss. ECF No. 22. Plaintiff, proceeding pro se, filed an Opposition [ECF No. 33] and a Motion to Rule Without Reply and to Strike Defendants' Motion to Dismiss [ECF No. 35]. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil procedure 78(b) and Civil Local Rule 7.1(d)(1). For the reasons stated below,

1

the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend and **DENIES** Plaintiff's Motion to Strike. Also, because the Court is granting Defendants' Motion to Dismiss with Leave to Amend, Plaintiff's already pending Motion for Leave to Amend (ECF No. 34) is **DENIED AS MOOT**.

I.  **BACKGROUND**

On November 17, 2023, Plaintiff Felicity Dominguez Howell filed this lawsuit in the United States District Court for the Southern District of California against "Camp Pendleton," "USMC," and "Department of Defense." ECF No. 1. The Complaint alleges wrongful handling of a police investigation and tort claims including negligence and assault and battery, and it seeks both damages and policy-type relief.

On June 11, 2025, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and under Rule 8, arguing in part that Plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act (FTCA). ECF No. 22. In support, the Government submitted the declaration of Stephanie M. Corbin, Head of the Navy's Tort Claims Branch, attesting that a reasonable search revealed no administrative FTCA claim filed by or on behalf of Plaintiff regarding the subject matter of this suit. *Id.*

On October 14, 2025, Plaintiff filed a combined Motion for Leave to File Amended Complaint and Opposition to Defendants' Motion to Dismiss, attaching a proposed First Amended Complaint claiming—Negligence; Assault and Battery; Negligent Supervision; Intentional Infliction of Emotional Distress; Violation of Crime Victims' Rights Act; Fraud, Identity Theft; Rape by Deception, and Coercive Sexual Fraud—pursuant to the FTCA. ECF Nos. 33, 34.

II.  **LEGAL STANDARD**

   **A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss where the court lacks subject-matter jurisdiction. Because "[f]ederal courts are courts of limited jurisdiction," a court "presume[s] that a cause [of action] lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A

Rule 12(b)(1) motion "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). No presumption of truthfulness attaches to the allegations of the plaintiff's complaint as the plaintiff bears the burden of establishing subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, the court must presume that it lacks jurisdiction until subject matter jurisdiction has been established. *Id.* A defense based on the lack of subject matter jurisdiction is never waived, and may be raised by any party at any time. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594–95 (9th Cir. 1996).

### B. Motion to Strike

Federal Rule of Civil Procedure 12 provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citation omitted). An "immaterial" matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (citation omitted). "Impertinent" statements "do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). "Scandalous" matter casts "a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). "[M]otions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Gaines v. AT&T Mobility Servs.*, LLC, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019) (citation omitted).

/ / /

/ / /

### III. DISCUSSION

**A. Motion to Dismiss**

The FTCA provides that an action against United States cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied[.]" 28 U.S.C. § 2675(a). An administrative claim is denied either by a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim. *Id.*; *see also Anderson v. United States*, 803 F.2d 1520, 1522 (9th Cir. 1986). The claim filing requirement of the FTCA is jurisdictional in nature and cannot be waived. *Caldwater v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citation omitted). The jurisdictional limitation of Section 2675(a) has "no exceptions." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Dismissal of a claim is appropriate when a plaintiff does not exhaust his administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff has not exhausted the FTCA's claims procedures. Plaintiff filed this action in federal court but did not allege pre-suit presentment of an administrative claim to the Department of the Navy in her Complaint. ECF No. 1. The FTCA's procedural requirements are clear—"a tort claimant may not commence proceedings in court against the United States without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519. Plaintiff did not comply with this procedure.

Defendants make a factual Rule 12(b)(1) challenge and submit the declaration of Stephanie M. Corbin, Head of the Navy's Torts Claims Branch, attesting that a reasonable search revealed no administrative claim by or on behalf of Plaintiff concerning the subject matter of this lawsuit. This evidence goes unrebutted. Plaintiff's later filings, including her combined Motion for Leave to Amend and Opposition, identify FTCA claims, but still do not allege that she presented an administrative claim and received a denial (or waited six months) before filing suit.

Because Plaintiff has not established compliance with § 2675(a), the Court lacks subject matter jurisdiction over her FTCA claims at this time. *See Brady*, 211 F.3d at 502. Consequently, the Court finds that Plaintiff has failed to exhaust her administrative remedies, and thus, **GRANTS** the Defendants' Motion to Dismiss with leave to amend. *See McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

**B. Motion to Strike**

Also pending before the Court is Plaintiff's Motion to Rule Without Reply and to Strike Defendants' Motion to Dismiss. ECF No. 35. Plaintiff claims that Defendants failed to file a reply by the deadline set in the Court's scheduling order. *Id.* Plaintiff relies on Federal Rules of Civil Procedure 16(f) and 41(b) and Local Rule 83(a) and states that noncompliance warrants striking Defendants' Motion to Dismiss. *Id.* However, the Court disagrees.

Federal Rules of Civil Procedure 16(f) and 41(b) and Local Rule 83(a) do not require Defendants to file a reply. The rules allow the Court to decide the motion on the briefing submitted, and a failure to file a reply ordinarily results only in waiver of reply, not in striking the underlying motion. Here, the record shows no material prejudice to Plaintiff from the absence of Defendants' reply, as the issues are fully presented in Defendants' Motion to Dismiss and Plaintiff's Opposition. The Court can resolve the motion without further briefing. *See Gaines*, 424 F. Supp. 3d at 1014.

The Court concludes that Defendants' failure to reply does not warrant striking Defendants' Motion to Dismiss. For these reasons, Plaintiff's Motion to Rule Without Reply and to Strike Defendants' Motion to Dismiss (ECF No. 35) is **DENIED**.

/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons stated herein, Plaintiff has failed to satisfy the jurisdictional prerequisite to pursuing an FTCA claim in federal court. Accordingly, Defendants' Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND**. Plaintiff is granted until **December 30, 2025** to file a Second Amended Complaint which cures all the deficiencies of the pleading noted herein. The Second Amended Complaint must be complete by itself without reference to any other pleading. Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

Also, Plaintiff's Motion to Strike (ECF No. 35) is **DENIED**. Given that the Court has given Plaintiff leave to amend her complaint to address the deficiencies with Plaintiff's operative Complaint, Plaintiff's previously filed Motion to Amend (ECF No. 34) is **DENIED AS MOOT**. Finally, Plaintiff is reminded that the Court may dismiss this case for failure to comply with this Court's orders or failure to prosecute.

Dated: November 24, 2025

_____
Honorable Linda Lopez
United States District Judge